UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| WHITNEY BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | CIVIL NO. 5:17-CV-85-KKC<br><br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on cross-motions for summary judgment filed by Plaintiff Whitney Brown (DE 13) and Defendant Nancy A. Berryhill, Acting Commissioner of Social Security (DE 15). Brown brought this action under Section 405(g) of the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Social Security Administration ("Commissioner") denying her claim for Supplemental Security Income and Disabled Adult Child Benefits, as provided under Title II and XVI of the Social Security Act. The Court, having reviewed the record, will affirm the Commissioner's decision.

**I. Overview of the Process**

To determine whether a claimant has a compensable disability under the Social Security Act, the administrative law judge ("ALJ") applies a five step sequential process. 20 C.F.R. § 404.1520(a)(1), (4); *see also Miller v. Comm'r of Soc. Sec.*, 81 F.3d 825, 835 n.6 (6th Cir. 2016) (describing the five-step evaluation process). The five steps, in summary, are:

> *Step 1:* If the claimant is doing substantial gainful activity, the claimant is not disabled.

> *Step 2:* If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her physical or mental ability to do basic work activities—the claimant is not disabled.
>
> *Step 3:* If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his or her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.
>
> *Step 4:* If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.
>
> *Step 5:* If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Sorrell v. Comm'r of Soc. Sec.*, 656 F. App'x. 162, 169 (6th Cir. 2016) (citing *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 652 (6th Cir. 2009)).

If, at any step in the process, the ALJ concludes that the claimant is or is not disabled, the ALJ can then complete the "determination or decision and [the ALJ] do[es] not go on to the next step." 20 C.F.R. § 404.1520(a)(4). In the first four steps of the process the claimant bears the burden of proof. *Sorrell*, 656 F. App'x. at 169 (quoting *Jones v. Comm'r of Soc. Sec.* 336 F.3d 469, 474 (6th Cir. 2003)). If the claim proceeds to step five, however, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity . . . and vocational profile." *Id.* (internal citations omitted); 20 C.F.R. § 404.1520(g)(1).

## II. Factual and Procedural Background

### A. *Factual Background*

Plaintiff Whitney Brown was born in 1991. (Administrative Record ("AR" 676). She is married and lives with her husband and three children. (AR 687-88). She has a GED and has completed some college coursework. (AR 677, 692). Brown previously worked as a registered nurse aide, a nursery teacher at a daycare, and various temp service jobs. (AR 677-78).

Brown applied for Supplemental Social Security Income on October 30, 2013 alleging a disability onset date of January 1, 2005. (AR 837-43). Brown claimed that she was unable to work because she suffered from epilepsy with seizures, anxiety, and depression. (AR 866). Brown's application was denied initially and on reconsideration. (AR 703-704, 737-38). Brown then made a timely request for a hearing by an ALJ. (AR 795). Brown appeared at the hearing in person, accompanied by her counsel, and testified on her own behalf. Laura Likens, an impartial vocational expert, also appeared and testified. (AR 671). Brown's hearing was held on July 22, 2015 before ALJ Gloria B. York. (AR 671-702). A written decision was issued on October 21, 2015 denying Brown's claim. (AR 647-662). Brown now appeals that decision to this Court.

B. *The Administrative Decision*

The ALJ applied the traditional five-step sequential analysis promulgated by the Commissioner, *see* 20 C.F.R. § 404.1520, and found that Brown's claim failed at step five. At step one, the ALJ found that Brown had not engaged in substantial gainful activity since January 1, 2005, the alleged onset date. (AR 650). At step two, the ALJ found that Brown suffered from the following severe impairments: psychogenic seizure disorder; depressive disorder; post-traumatic stress disorder; migraine headache; and chronic urethritis. (AR 650). At step three, the ALJ found that Brown's severe impairments did not meet or medically equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1. (AR 650-52). Next, the ALJ found that Brown retained, based on all of her impairments, the RCF:

> for a limited range of light work. She can lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk six hours out of an eight hour day; sit six hours out of an eight hour day; requires normal seizure precautions and cannot work around heights, moving machinery, hazards, or climb ladders, ropes, and scaffolds; and is limited to routine, repetitive tasks which require only occasional interaction with supervisors and coworkers and no interaction with the general public in a job which is not fast–paced.

(AR 652). At step four, the ALJ found that Brown did not have past relevant work. (AR 660). Finally, at step five, the ALJ considered Brown's age, education, work experience, and residual functional capacity, in conjunction with the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, App. 2, and found that there existed a significant number of jobs in the national economy that she could perform. More specifically, the ALJ found that Brown could work as a sorter, final inspector, or housekeeper. (AR 661). Accordingly, the ALJ found that Brown was not disabled from January 1, 2005 through October 21, 2015. (AR 662).

The ALJ's decision became the final decision of the Commissioner when the Appeals Council subsequently denied Brown's request for review. (AR 1-7); *see* 20 C.F.R. § 422.210(a). Brown has exhausted her administrative remedies and filed a timely appeal in this Court. The parties have filed cross-motions for summary judgment, and this case is now ripe for review under 42 U.S.C. § 405(g).

### III. Standard of Review

Under the Social Security Act, the Court conducts a limited review of the Commissioner's decision. 42 U.S.C. § 405(g). The Court may only evaluate whether the ALJ applied the correct legal standard and made factual findings that are supported by substantial evidence in the record. *Id.*; *see also Rabbers*, 582 F.3d at 651. Substantial evidence means "more than a scintilla of evidence but less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). In assessing the ALJ's decision, the Court cannot "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Id.*; *see also Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). If the Commissioner's decision is supported by substantial evidence, this Court must affirm that decision even if there is substantial evidence in the record that supports an opposite

4

conclusion. *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)).

**IV. Analysis**

Brown challenges the ALJ's decision at step three and the assessment of her RFC. These arguments are addressed below.

*A. Step Three: Listing 11.03*

Brown first argues that the ALJ erred in finding that she did not meet Listing 11.03 for non-convulsive epilepsy. At the time of the ALJ's decision, [1] Listing 11.03 required Brown to provide medical evidence demonstrating:

> Epilepsy—nonconvulsive epilepsy (petit mal, psychomotor, or focal), documented by detailed description of a typical seizure pattern, including all associated phenomena; occurring more frequently than once weekly in spite of at least 3 months of prescribed treatment. With alteration of awareness or loss of consciousness and transient postical manifestations of unconventional behavior or significant interference with activity during the day.

20 C.F.R. Part 404, Subpart P, App. 1 § 11.03 (2015). These argument fails. The ALJ determined that Brown's seizures were non-epileptic. (AR 651). This was supported by substantial evidence on the record. Dr. Fakhoury, who admitted Brown to an epilepsy monitoring unit, reported that there was no evidence to support a diagnosis of epilepsy. (AR 655; *see* AR 1035 (informing Brown that seizures were nonepileptic)). The ALJ also found that the number of documented seizures was significantly less than once weekly. (AR 651, 656). Brown claims that her testimony as to the number of seizures per month was consistent with epilepsy. She also contends that the ALJ ignored her testimony regarding the limitations her seizures have on her childcare abilities. This is an improper request for this

---

[1] Since the ALJ's decision, the Commissioner has revised the criteria used to evaluate neurological disorders. *See Revised Medical Criteria for Evaluating Neurological Disorders*, 81 Fed. Reg. 43048-01, 2016 WL 3551949 (July 1, 2016) (final rule).

5

Court to reweigh the evidence. Because the ALJ's decision that Brown did not meet Listing 11.03 was supported by substantial evidence the Court affirms this finding.

*B. Dr. Gilliam's Opinion*

Brown also claims that the ALJ violated 20 C.F.R. § 404.1527(d)(2) by failing to state good reasons for rejecting the opinion of her treating physician, Dr. Jai Gilliam. In April 2014, Dr. Gilliam completed a certification in support of Brown's application for discharge of her student loans in which he stated that Brown's seizures were a disabling condition that prevented her from engaging in any substantial gainful activity. He described these seizures as frequent and unresponsive to medication. He also identified limitations caused by the seizures in activities of daily living, residual functionality, and socially/behaviorally; Dr. Gilliam stated that the seizures caused Brown to be incapacitated for up to two days, made her unable to do physical activity, and led to severe migraines. (AR 981). The ALJ did not consider this opinion, instead stating that "no treating physician opined that the claimant is unable to work." (AR 660).

In deciding whether a claimant is disabled, the ALJ is required to consider the medical opinions in the case record. 20 C.F.R. § 404.1527(b). Medical opinions are defined as "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." *Id.* at § 404.1527(a)(1). Opinions on some issues, however, are not medical opinions because they are "opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case." *Id.* at § 404.1527(d). Opinions that a claimant is "disabled," or "unable to work" are explicitly reserved to the Commissioner under the regulations. *Id.* at § 404.1527(d)(1).

The Social Security regulations recognize three types of medical sources: nonexamining sources, nontreating (but examining) sources, and treating sources. *See Id.* at 404.1527(a)(2), (c)(1)-(2); *see also Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir. 2010). Under the "Treating-Source Rule," a treating source opinion is generally entitled to the most weight. *See Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x. 267, 273 (6th Cir. 2015). If a treating source's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record" it is given controlling weight. 20 C.F.R. § 404.1527(c)(2). If a treating source is not accorded controlling weight, the ALJ must consider the factors used in evaluating every medical opinion: supportability, consistency, and specialization. *Id.* at § 404.1527(c)(3)-(5).

The ALJ must always give "good reasons" for the weight given to a treating source opinion. *Id.* at § 404.1527(c)(2). These reasons must be "supported by the evidence in the case record, and . . . sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. ("SSR") 96–2p, 1996 WL 374188, at *5 (1996). This procedural requirement exists to "let claimants understand the disposition of their cases . . . ensure[] that the ALJ applies the treating physician rule and [to] permit[] meaningful review of the ALJ's application of the rule." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004) (first quoting *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999); then citing *Halloran v. Barnhart*, 362 F.3d 28, 32-33 (2d Cir. 2004)). Not all violations of the "good reasons" rule require remand, however. In *Wilson*, the Sixth Circuit identified three situations in which failure to give good reasons for the weight given a treating source opinion may constitute harmless error:

> 1) if "a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it"; 2) "if the Commissioner adopts the opinion of the treating source

7

or makes findings consistent with the opinion"; or 3) "where the Commissioner has met the goal of § 1527(d)(2)—the provision of the procedural safeguard of reasons—even though she has not complied with the terms of the regulation."

*Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 470 (6th Cir. 2006) (quoting *Wilson*, 378 F.3d at 547).

The ALJ's failure to mention Dr. Gilliam's opinion violated 20 C.F.R. § 404.1527(d)(2). While Dr. Gilliam's opinion primarily addresses an ultimate issue reserved to the Commissioner—whether Brown could work—it also contained statements on Brown's limitations that were required to be considered under 20 C.F.R. § 404.1527(b). That violation, however, was harmless error because the ALJ met the goal of § 1527(d)(2) by indirectly attacking the supportability of the opinion. *Nelson*, 195 F. App'x at 470; *see* 20 C.F.R. § 404.1527(d)(3). The Court notes that it is "a rare case" for the ALJ's analysis to meet the goal of the § 404.1527(d)(2) even though she has not complied with the terms of the regulation itself. *Nelson*, 195 F. App'x at 472. This is one of those rare cases. When analyzing the medical evidence regarding Brown's seizures and migraines, the ALJ made it clear why she was rejecting the opinion of Dr. Brown. First, the ALJ discussed Dr. Gilliam's treatment records from 2011-2013 when Brown reported stress-induced seizures. The ALJ noted that Dr. Gilliam referred Brown to a neurologist, who reported that Brown was not taking medications for seizures. The ALJ therefore concluded that "some of the claimant's seizures were experienced while she was not taking medication." (AR 655). Brown again reported two seizures to Dr. Gilliam in November 2014, followed by migraines in early 2015. The ALJ noted that the migraines improved with medication and therefore concluded that the migraines and seizures did not occur with the frequency alleged by Brown and could be treated with medication. (AR 656). Thus, it is clear from the ALJ's discussion that she rejected Dr. Gilliam's opinion because it was unsupported by the record evidence. Accordingly, any error in not giving good reasons for not accepting the opinion was harmless.

## V.    Conclusion

For the reasons set forth above, the Court **HEREBY ORDERS**:

1. Plaintiff's motion for summary Judgment (DE 13) is **DENIED**;

2. the Commissioner's motion for summary Judgment (DE 15) is **GRANTED**;

3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

4. A Judgment consistent with this Opinion & Order will be entered contemporaneously.

Dated April 2, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY